UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIRO MORENO, individually and on behalf of others similarly situated,, <br><br> Plaintiff(s), <br><br> -against- <br><br> USA TIRES CORP., a New York Corporation, and JOHN DOE, an individual, <br><br> Defendant(s). | Case No. 23-cv-2266(JMA)(LGD) <br><br> **ANSWER** |

Defendant USA Tires Corp, hereby responds to the Plaintiff's complaint as follows:

## NATURE OF THE ACTION

1. Defendant USA Tires Corp. admits that the Plaintiff purports to bring this action pursuant to the FLSA and the NYLL, but denies any and all liability.

2. Defendant Admits that the Plaintiff purports to bring this action as a class and collective action, but denies that the action is suitable for class or collective action treatment.

## JURISDICTION AND VENUE

3. Denied.

4. Denied.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

6. Admitted

7. Admitted.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of this allegation.

10. Denied.

11. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

12. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

13. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

## FACTS

14. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

15. Admitted.

16. Admitted

17. Denied.

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## RULE 23 CLASS ACTION ALLEGATIONS

29. Defendant admits that the Plainiff purports to bring this action as a class action, but denies that the case is suitable for class relief.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## FLSA COLLECTIVE ACTION CLAIMS

38. The Defendant admits that the Plaintiff purports to bring this action as a collective action, but denies that the case is suitable for treatment as a collective action.

39. Denied.

40. Denied.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

41. Defendant re-avers the responses to the previous allegations set forth above.

42. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

43. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

44. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

45. This allegation contains a legal assertion to which no response is required. To the extend a response is required, the allegation is denied.

46. Denied.

47. Denied.

48. Denied.

## SECOND CAUSE OF ACTION
(Violation of the Overtime Provisions of the FLSA)

49. Defendant re-avers the responses to the previous allegations set forth above.

50. Denied.

51. Denied.

52. Denied.

## THIRD CAUSE OF ACTION
(Violation of the New York Minimum Wage Act)

53. Defendant re-avers the responses to the previous allegations set forth above.

54. Denied.

55. Denied.

56. Denied.

## FOURTH CAUSE OF ACTION
(Violation of the Overtime Provisions of the New York Labor Law)

57. Defendant re-avers the responses to the previous allegations set forth above.

58. Denied.

59. Denied.

60. Denied.

## FIFTH CAUSE OF ACTION
**(Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)**

61. Defendant re-avers the responses to the previous allegations set forth above.

62. Denied.

63. Denied.

64. Denied.

## SIXTH CAUSE OF ACTION
**(Violation of the Notice and Recordkeeping Requirements of the New York Labor Law)**

65. Defendant re-avers the responses to the previous allegations set forth above.

66. Denied.

67. Denied.

## SEVENTH CAUSE OF ACTION
**(Violation of the Wage Statement Provisions of the New York Labor Law)**

Defendant re-avers the responses to the previous allegations set forth above.

68. Denied.

69. Denied.

## RESPONSE TO PRAYER FOR RELIEF

70. Answering the Prayer for Relief, Defendants deny that Plaintiffs and/or the collective or class members are entitled to any remedy of any kind or that this matter is suited for collective or class action treatment.

## **AFFIRMATIVE DEFENSES**

By way of separate, additional and/or distinct defenses to the Complaint and each claim therein, and without conceding that Defendant bears the burden of proof or the burden of persuasion as to any of these issues, Defendant asserts the following defenses:

1. **Failure to State a Claim.** As a separate and distinct defense, Defendant asserts that the Complaint, and each and every alleged claim therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

2. **Plaintiff properly compensated.** As a separate and distinct defense, Defendant alleges that the claims of Plaintiff and the individuals he seeks to represent are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et. seq.*, because actions taken in connection with Plaintiffs' compensation and/or the compensation of the individuals they seek to represent were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. section 259.

3. **Good faith defense to liquidated damages.** As a separate and distinct defense, Defendant alleges that the claims of Plaintiff and the individuals he seeks to represent are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 251, *et. seq.*, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. Accordingly, the Court should exercise its discretion to eliminate and/or reduce any potential award of liquidated damages under 29 U.S.C. section 260.

4. **Good faith defense to NYLL liquidated damages.** Liquidated damages are not recoverable because there was good faith basis to believe that any underpayment of wages was in compliance with the law.

5. **Work not suffered or permitted.** As a separate and distinct defense, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, as to all hours allegedly worked that Defendant did not suffer or permit Plaintiffs to work, of which Defendant lacked actual or constructive knowledge, or which Plaintiffs deliberately misreported hours by failing to report all hours worked.

6. **Class Action Claims Fail.** As a separate and distinct defense, Defendant alleges that Plaintiffs have failed to and cannot satisfy the requirements for the maintenance of a class action, including, and without limitation, numerosity, commonality, typicality, and adequacy (of both the proposed class representatives and proposed class counsel), or the prongs of predominance or superiority, and public policy considerations do not favor such a certification.

7. **Lack of standing.** As a separate and distinct defense, Defendant alleges that the Plaintiff lacks standing to bring the Fifth and Sixth Causes of Action for technical violations of the NYLL.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to seek leave of court to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

Dated: September 28, 2023
      Huntington, New York

                                  MOSER LAW FIRM, P.C.
                                  *Attorneys for Defendant USA Tires Corp.*

By:   */s/ Steven J. Moser*
Steven John Moser (SM6628)
5 East Main Street
Huntington, New York 11743
steven.moser@moserlawfirm.com
(631) 824-0200